## Parris' Adm'x v. Molter et al.

(Decided Nov. 24, 1933.)

CHARLES W. MORRIS and CHARLES LEIBSON for appellant.
BRUCE & BULLITT and JOHN E. TARRANT for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Lee Parris was killed in an automobile collision on Hill street in Louisville, and his administratrix brought this action to recover for his death against appellees. The issues were made up, and on a trial before a jury there was a verdict for the defendants. The court refused a new trial, and the plaintiff appeals.

The facts are these: On February 1, 1931, about 12:45 p. m., appellee, A. E. Molter, was driving his automobile west on Hill street, going about 4 or 5 miles an hour, and intending to turn south from Hill street into a 12-foot alley. Hill street is 36 feet wide. Molter was driving on the north side of the street, and, as he approached the alley, he extended his hand and sig-

nalled that he was going to turn south. When he was about even with the east side of the alley, and had turned until he had come about to the center of the street, he noticed a Ford truck, driven by Parris, about 50 feet west of him on Hill street, and going east at the speed of about 20 or 30 miles an hour. Molter brought his car to a standstill; the left front wheel being near the center line of the street. Parris did not check the truck. He was running in the center of the street; according to the weight of the evidence, two-thirds of the truck being on the left side of the center line. He crashed into the stopped automobile. After the collision, the left front wheel of the automobile was 18 inches over the center line, and all the rest of the car was on the right side of the center line. In the collision Parris was killed. The truck was heavily loaded with milk cases. There was no partition between the driver's seat and the milk cases, which were stacked up to the top of the truck above Parris' head. In the collision five or six of these milk cases fell over on top of Parris. There is no complaint of the instructions of the court to the jury or anything that occurred on the trial, except the following, which occurred at the conclusion of the trial:

"The following proceedings were thereupon had out of the presence of the jury:

"By Mr. Morris [attorney for plaintiff]: I move the Court to admonish the jury to dismiss from their minds and try to forget all evidence concerning the manner in which the National Milk Company truck was loaded, the number of cases in said truck, and the evidence concerning the movement of those cases at the time of the accident. [The foregoing motion was objected to by counsel for the defendants.]

"By the Court: Had plaintiff's counsel objected to the testimony offered and introduced by defendant's counsel concerning the overloading of the milk truck or the number of cases on said truck that were jolted forward and on the back of plaintiff's decedent by the collision, the Court would have sustained said objection. The overloading of the truck is not pleaded as a defense by the defendants. The answer is in two paragraphs, first, a traverse, the second, contributory negligence. I

take it that the contributory negligence pleaded by the defendants has reference to negligence in the operation of the truck and not to the overloading thereof.

"In the instructions about to be given to the jury, nothing is said regarding the milk cases on the truck or the overloading of the truck with milk cases. It would, therefore, be improper for counsel for plaintiff or defendants to make any reference or statement in the argument to the jury concerning the overloading of the truck or the milk cases thereon.

"By Mr. Tarrant [attorney for defendants]: Do I understand the Court to rule that the defendants can not refer to the fact that the truck was loaded clear to the ceiling with milk cases?

"By the Court: Yes.

"By Mr. Tarrant: To the fact that five or six of these milk cases fell over, and that was what really killed the deceased and not the accident, and to the further fact that there was no partition between the back end where the cases were stored and the front of the automobile?

"By the Court: Yes. [Both plaintiff and defendants excepted to the ruling of the court.]"

By the instructions to the jury, the court defined the duties of Molter in operating his car, and then told the jury that, if he failed to perform any one of his duties, and by reason thereof the collision occurred, they should find for the plaintiff. By another instruction he defined the duties of Parris in operating the truck, and told the jury that, if he failed to perform any of these duties, and so helped to cause the collision, and but for such negligence on his part the collision would not have occurred, then the law was for the defendants, even though the jury should further believe from the evidence that the defendant Molter was also negligent. Under these instructions, the only thing submitted to the jury was the negligence of Molter or Parris in the operation of their cars. The jury is sworn to try the case under the law and under the evidence. The instructions of the court to the jury are the law of the case, and the jury must be presumed to have followed their oaths and to have decided the case under

the law and under the evidence. Under the law here the only thing the jury could consider was the negligence of Molter or Parris in the operation of his car. The court did, in the most effectual way, tell the jury that the only question in the case was negligence in the operation of the cars.

The proof as to the falling of the milk cans or how they fell was properly admitted, for it illustrates much the force of the collision and that Parris had in no wise checked the speed of his truck. If Parris had been running on the right side of the road as he should have been, there would have been no trouble. The view was unobstructed. The collision occurred in broad daylight, about noon, and the jury was well warranted in concluding from all the facts that he was keeping no lookout, running on the wrong side of the street, and by his negligence brought on the collision.

Judgment affirmed.